UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **PATRICIA JOHNSON and HUSE JOHNSON**, *husband and wife*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CAUSE NO. 1:12-CV-319 |
| **DAWSON OIL COMPANY, INC.**, *an Indiana corporation*, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was filed in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Plaintiffs Patricia Johnson and Huse Johnson are "residents of Kalkaska County, Michigan." (Compl. ¶ 2.)

The Complaint, however, is inadequate because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, as citizenship does not necessarily equate with residence, *Dahlstrom v. Simon*, No. 00 C 5189, 2000 WL 1231391, at *1 (N.D. Ill. Aug. 28, 2000), alleging that the Plaintiffs are residents of Michigan does not establish their

1

citizenship.

Accordingly, the Court must be advised of the Johnsons' citizenship, not residency. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, Plaintiffs are ORDERED to supplement the record by filing an Amended Complaint on or before October 3, 2012, properly alleging their citizenship rather than their residency.

SO ORDERED.

Enter for this 19th day of September, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge